# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JOSHUA WAYNE SWARM**                                                                     **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:17-CV-P682-TBR**

**DIRECTOR MARK BOLTON et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joshua Wayne Swarm, a pretrial detainee presently incarcerated in the Roederer Correctional Complex (RCC), filed a *pro se* action pursuant to 42 U.S.C. § 1983. Subsequent to the filing of the complaint, Plaintiff filed two documents which the Court construes as motions to amend the complaint (DNs 8 & 9). In the first motion to amend (DN 8), Plaintiff seeks to change the name of Defendant Officer Smith to "Sgt. S. Green #359." Plaintiff states that "there is no Officer Smith." Plaintiff states that he had this Defendant's name incorrect because he could not read the writing on some of the paperwork. Plaintiff states that the correct name for this Defendant is "Sgt. S. Green #359." Upon consideration, **IT IS ORDERED** that the motion to amend (DN 8) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to terminate "Ofc. Smith" as a Defendant in this case. In his second motion to amend (DN 9), Plaintiff again explains the name confusion regarding this Defendant and includes an incident with this Defendant that Plaintiff requests be "put on the record." Upon consideration, **IT IS ORDERDED** that the second motion to amend (DN 9) is **GRANTED**.

The complaint and amendments are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff brings this action against four Defendants: (1) Mark Bolton, the Director of the Louisville Metro Department of Corrections (LMDC); (2) Sergeant Eubanks #363, LMDC; (3) Martin Baker, Supervisor, LMDC; and (4) Sergeant S. Green #359, LMDC. At the time Plaintiff filed this action, he was incarcerated at the LMDC. Subsequently, he was transferred to RCC. Plaintiff brings this action against Defendants in their official capacities. As relief, Plaintiff seeks monetary and punitive damages.

According to the complaint, Plaintiff states that when he was initially arrested on August 12, 2017, he had in his possession "$350.00 cash and 2 debit cards." According to Plaintiff, "[t]he cash and 1 debit card with $950.00 on it were in a small zip lock bag . . . . The other debit card was in [his] wallet." According to Plaintiff, sometime after being placed in general population, he "became aware that [his] cash had not been placed on [his] account." Plaintiff states that "[a] response to [his] request about [his] missing money declared that video 'clearly shows inmate with $1.50 not $350.00 and debit card was placed inside wallet. As for anything else, bag is sealed and will not be opened until inmate gets released from custody.'" According to Plaintiff, the "staff signatures" on this response are illegible.

Subsequently, Plaintiff states that he was transferred to Bullitt County and returned back to LMDC on October 6, 2017. Plaintiff states that when he returned to LMDC, he spoke with a "staff member in the booking area named Baker concerning this issue." Plaintiff represents that Baker said he would take care of it, and on October 9, 2017, the "missing money was placed on [Plaintiff's] account suggesting that video evidence gave merit to [Plaintiff's] claim, contradicting the staff members with illegible signatures." Plaintiff states that the "debit card is still missing."

2

Plaintiff asserts that his "property was stolen by an officer of LMDC." He asserts a violation of the Fourth Amendment's "guarantee to be secure in [his] papers and effects." He also asserts a violation of the Fifth Amendment which "guarantees that [he] shall not be deprived of property without due process." Plaintiff further contends that he "received a $950.00 punishment for being booked into [LMDC]." He asserts Eighth and Fourteenth Amendment claims which protect him "from unusual punishment." Plaintiff states that he was "denied the benefit of due process by staff when my subsequent grievances were not handled properly." He further states that "grievance procedures were not followed by staff."

Plaintiff contends that Defendant Bolton "fosters a criminal element employed at LMDC by permitting thefts by staff and allowing 'Code of Silence" to be encouraged and the perpetrators to go unpunished as is evidenced by the falsified responses to my requests." Plaintiff states that Mr. Baker aided him partially, "but did not pursue the missing debit card." Plaintiff states that staff members Smith and Defendant Eubanks "responded on 9-6-17 saying 'video footage will be checked again,' but did not follow through." Plaintiff asserts that grievance procedures were not followed by staff.

In his second amendment to the complaint, Plaintiff states that on November 20, 2017, Defendant Green asked Plaintiff why he needed "the information on the paperwork. He then asked why [Plaintiff] was doing this and [Plaintiff] told him [Plaintiff] could not speak to him about it."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Plaintiff fails to state a violation of a right secured by the Constitution or laws of the United States.

### A. Takings Claims

Plaintiff alleges that his debit card was stolen by a LMDC officer. He appears to assert that this is an unconstitutional taking in violation of the Fifth and Fourteenth Amendments.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44.

The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in section 1983 damage suits claiming the

deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. at 539 (O'Connor, J., concurring).

Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state Fifth and Fourteenth Amendment due-process claims, and these claims will be dismissed.

### B. Grievance Claims

Plaintiff asserts that his grievances were not handled properly by staff which denied him "the benefit of due process." He further states that "grievance procedures were not followed by staff."

Prisoners do not possess a constitutional right to a prison grievance procedure. *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (finding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise

to a liberty interest protected by the Due Process Clause"). "All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure.").

Since a violation of a constitutional right is required in order to obtain relief under § 1983, Plaintiff's claims regarding the LMDC staff not following the grievance procedures and not properly handling Plaintiff's grievances fail to state a claim upon which relief may be granted, and they will be dismissed.

### C. "Unusual Punishment" Claim

Plaintiff alleges that his rights under the Eighth and Fourteenth Amendments were violated because Defendants failed to "protect [Plaintiff] from unusual punishment." "Extreme

deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. at 526-27).

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Id.* at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street v. Corr. Corp. of Am.*, 102 F.3d at 815 (quoting *Farmer v Brennan*, 511 U.S. at 836). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Here, there is no indication that Defendants' conduct deprived Plaintiff of the minimum civilized measure of life's necessities or implicated Plaintiff's health or safety. *See Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) ("[The plaintiff] cannot state a claim under the

Eighth Amendment for deliberate indifference to the security of his property."); *Jones v. Caruso*, No. 2:11-cv-65, 2011 WL 3740578, at *9 (W.D. Mich. Aug. 24, 2011) (holding that confiscation of an inmate's property does not rise to the level of an Eighth Amendment violation).

Consequently, the alleged intentional deprivation of Plaintiff's debit card due to its alleged theft by a LMDC staff member does not rise to the level of an Eighth Amendment violation, and this claim will be dismissed.

### D. Fourth Amendment Unreasonable Search and Seizure Claim

Plaintiff alleges that the "4th Amendment guarantee to be secure in [his] papers and effects has been violated insomuch as [his] property was stolen by an officer of LMDC." In part, the Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

Plaintiff fails to state a cognizable Fourth Amendment claim with respect to the intentional deprivation of his debit card during his incarceration. "Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation." *Hudson v. Palmer*, 468 U.S. at 539 (1984) (O'Connor, J., concurring); *see also Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) (recognizing that the Supreme Court "confirmed a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration"); *Thieleman v. Cty. of Aransas, Tex.*, Civil No. CC-08-78, 2010 WL 610651, at *5 (S.D. Tex. Feb. 17, 2010) (dismissing claim that taking money from prisoner's account constitutes illegal seizure "because plaintiff is in prison, and as such, he is no longer guaranteed the protections of the Fourth Amendment"); *Goldhaber v. Higgins*,

9

576 F. Supp. 2d 694, 718 (W.D. Pa. 2007) (finding that the plaintiff was not "seized" for purposes of the Fourth Amendment since he was incarcerated at the time the alleged wrongful events took place).

Having failed to state a Fourth Amendment claim, this claim will be dismissed.

## V.  CONCLUSION

For the reasons stated above, this action will be dismissed by separate Order.

Date:




cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4413.003